T. BALDWIN, USE OF J. OWENS, *vs.* ROBERT WRIGHT AND DEWIT KENT, No. 8.—T. BALDWIN *vs.* ROBERT WRIGHT, No. 9.—SAME *vs.* SAME, No. 11.—ELI BALDWIN, ET AL. *vs.* ROBERT WRIGHT, No. 12.—JOSEPH OWENS, *vs.* ROBERT WRIGHT, No. 14.—*December* 1845.

Where a defendant in a judgment moves to quash a *ca. sa.* issued against him, upon the ground that he had attached the debt due by him to the plaintiff in his own hands, he ought to show that the attachment was regularly levied in his hands.

An actual attachment laid by the defendant in his own hands, would be decisive against his liability to be taken in execution for the same debt, and the pendency of the attachment would furnish a ground for quashing the *ca. sa.* until it be decided.

A defendant may plead a pending attachment against the claim of the plaintiff.

An attachment issued without any return of service, is not attended with the same consequences.

The overruling a motion to quash an attachment is not the subject of an appeal. It is only interlocutory matter.

The process of attachment on judgment, under the act of 1715, ch. 40, sec. 7, is considered as an execution, and governed by the same principles.

An alias attachment cannot be sued out before the first is returned. The second writ is grounded on the first, and the return thereof.

31    v.3

Baldwin, use of Owens, *vs.* Wright and Kent.—1845.

It cannot be assumed from the neglect or failure of a sheriff to return an attachment, that there has been no service of it, and unless such fact was made to appear to the court, it would not be justified in issuing a second attachment.

Where a plaintiff assigned a judgment before process of attachment was sued out against him by one of his creditors, the attaching creditor, though defendant in the judgment, can obtain no lien under his attachment to defeat the assignee.

Where a judgment has been entered for the use of a party who disclaimed the assignment to him, the defendant may move the court to strike out the use, and upon proof of such disclaimer, the court may strike it out.

The general rule is, that a party to the record cannot be examined as a witness; but upon a motion to strike out the use to which a suit or judgment has been entered, the legal plaintiff may be examined to prove the consideration of the assignment. The contest is solely between the defendant and the *cestui que use,* and the witness is not liable for the costs of the motion.

APPEALS from *Prince George's* county court.

The record in No. 8, showed, that on the 13th August 1841, *Thomas Baldwin,* for the use of *J. Owens,* sued out a writ of *ca. sa.* against *Robert Wright* and *Dewit Kent;* upon a judgment rendered in October 1838, for the sum of $360, and costs, returnable to the 2nd Monday in October 1841. The writ was returned *cepi.,* as to *R. W.,* who moved to quash it.

1st. Because the defendant had, subsequently to the rendition of the judgment above recited, recovered a judgment in the same court against *T. B.,* and sued out an attachment thereon, prior to the impetration of the said writ of *ca. sa.,* and laid it in the hands of the said *R. W.,* as will appear, &c.

The county court quashed the writ, and discharged the defendant. *T. B.* appealed to this court.

The record in No. 11, showed that on the 11th June 1840, *Robert Wright* sued out an attachment on a judgment rendered at April term 1840, against *Thomas Baldwin.* This writ not being returned, a second writ was issued on the 23rd November 1840, and returned, not attached; but was amended by the deputy sheriff, the high sheriff being dead, and returned, laid in the hands of *Robert Wright,* to amount of $355, and summoned, &c.

Baldwin, use of Owens, *vs.* Wright and Kent.—1845.

The defendant, *Thomas Baldwin*, moved to quash this attachment.

1st. Because the amended return is made in the name of a sheriff, and purports to be made by a sheriff who died before the amended return, or motion therefor, was made.

2nd. Because the writ of attachment was returned, not attached, to April term 1841, by the sheriff, and was renewed, by the order of the plaintiff, to the present term, who has thereby admitted the truth and validity of the said return.

3rd. The return is not made on the oath of any person authorized by law to return such process.

4th. The writ in this case, issued, when another writ of attachment, on the same judgment, was outstanding.

At April term 1843, *Robert Wright*, the garnishee, filed a short copy of the judgment, of October term 1838. *T. Baldwin* use of *J. Owens vs. R. W.* and *D. K.*, and motion to condemn that judgment under his attachment.

The county court overruled the motion of *Thomas Baldwin*, to quash the amended return to the writ of attachment. The garnishee then filed a deposition shewing, that *Joseph Owens*, the *c. q. use* of the judgment aforesaid, had declared to *R. W.*, that he, *Owens*, had no interest in the said judgment, and no knowledge of the said entry for his use.

At April term 1844, *Thomas Baldwin* offered to file a plea, that *R. W.* had no goods of his in his hands, to be condemned, &c., and prayed judgment accordingly.

On motion, the county court refused to receive this plea, and rendered judgment of condemnation of the goods, &c., of *T. B.*, in the hands of *R. W.* From this, *Thomas Baldwin* appealed.

The facts of No. 9 and No. 12 are sufficiently stated in the opinion of this court.

The record in No. 14 was an action of debt commenced by *Thomas Baldwin*, use of *J. Owens vs. Wright* and *Kent*, on the 23rd April 1836, returned *non sunt*, and renewed on the 13th May 1836, returned *cepi*, as to *R. W.* The defendants both appeared. The cause of action appeared to be assigned by endorsement of the 1st February 1836, to *J. Owens* by *Thomas Baldwin*, and the plaintiffs recovered judgment.

At April term 1843, the defendants, *W.* and *K.* moved the county court for a rule in *J. Owens*, to show cause why the use to which the cause had been entered should not be stricken out, which was granted to the following term. The rule was served on *J. Owens*, and upon showing cause, he offered to swear to this court, *Thomas Baldwin*, the legal plaintiff, to prove the consideration of the original assignment. The county court (KEY and C. DORSEY, A. J.,) refused to hear him, and the said *J. Owens* excepted.

The court then ordered the use to be stricken out, and the said *J. Owens* prosecuted this appeal.

These causes were all argued together as one cause, by consent, before ARCHER, C. J., DORSEY, CHAMBERS, MAGRUDER and MARTIN, J.

By J. JOHNSON for *T.* and *E. Baldwin* and *J. Owens*, and By ALEXANDER for *Wright* and *Kent*.

ARCHER, C. J., delivered the opinion of this court.

It appears in this case, No. 8, that *Baldwin*, at October term 1838, recovered a judgment against *Wright* and *Dewit Kent*, for the sum of $360, with interest and costs. That on 13th July 1841, the plaintiff issued a *ca. sa.*, returnable to October term 1841, under which *Wright* was taken. That *Wright*, on the return of the writ, moved to quash the execution, on the ground that, subsequently, to the rendition of the judgment, he, *Wright*, had recovered a judgment, in the same court, against *Baldwin*, the plaintiff, to the execution, and had issued an attachment thereon, and laid the same in his own hands, prior to the issuing out of the *ca. sa.*, at the suit of *Baldwin* against him. On this motion, the *ca. sa.* was quashed by the court. The proceedings upon the attachment, do not appear in this record, but by an agreement of the parties, the facts in records No. 9, 11, 12 and 14, are to be considered as parts of this record, so far as they are applicable.

There is, as we apprehend, no evidence of the service or any valid attachment in the case of *Wright vs. Baldwin*, for reasons which we shall advance in a subsequent case. If this

be so, then the question would be, how far issuing of the attachment, by *Baldwin*, without any evidence of a levy of the attachment in the hands of *Wright*, could operate to induce the court to quash the *ca. sa.*

An actual attachment laid on the credits of *Baldwin* in *Wright's* hands, would, no doubt, be decisive upon this subject, and the pendency of such attachment, would furnish a good ground for quashing the *ca. sa.* The defendant may plead a pending attachment against the claim of a plaintiff, and upon the ground that such a plea would be available, as a defence, it ought to be received to quash the *ca. sa.*, the party issuing his *ca. sa.*, has his remedy on the judgment only suspended by its being quashed, for if the attachment should be ultimately defeated, he has it in his power to renew the *ca. sa.*; but if the court refuse to quash the *ca. sa.*, the defendant would be compelled to pay the money to the plaintiff, although he might be entitled to a condemnation of the credits in his hands. But, the fact that an attachment had been issued, to effect the credits of *Baldwin*, without any return of service, ought not to be attended with the same consequences. The court cannot know in whose hands the attachment will be laid, or whether, if it be levied, it will be levied so as to furnish *Wright*, against whom the *ca. sa.* issues, with any ground, whatever, for the interference of the court, in quashing the *ca. sa.* We, therefore, think the court were in error, in quashing the *ca. sa.*, and, therefore, reverse their judgment.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.

The record in this case, No. 9, shows, that at April term 1840, *Wright* recovered a judgment against *Baldwin* for the sum of $505.92, interest and costs, and on the 23rd of November 1840, issued attachment thereon. By agreement of the parties, this attachment is to be considered as having been first returned, attached. But, at the succeeding term, the sheriff obtained leave to amend his return, and thereupon returned, that he had laid the writ in the hands of *Wright*, himself, and summoned him as garnishee,

The defendant moved to quash the writ of attachment, and the return thereto, for reasons which it will not be necessary to state.

The court overruled the motion to quash, and from this judgment an appeal has been taken. The record shows no final judgment to have been pronounced by the court from such a judgment, which is only interlocutory, no appeal will lie.

APPEAL DISMISSED.

An attachment in No. 11, was issued on the 11th of June 1840, returnable to October term 1840. This attachment was not returned, and at the same term, an alias attachment issued. These proceedings were taken out by *Wright,* on a judgment obtained by him against *Baldwin,* and professed to be grounded on the 7th sec. of the act of 1715, ch. 40, which authorises an attachment, instead of any other execution, to issue on a judgment. This process, under this act, is considered by the terms of the act, as an execution, and in our judgment, should be governed by the same principles. Assuming this principle to be true, the doctrines determined by this court, in *Turner* and *Walker,* 3 *G. & J.,* 385, are decisive against the right to take out an alias attachment before the first is returned. The second writ is grounded on the first, and the return thereof; and the first ought, therefore, to be returned before the second can legally issue. It cannot be assumed, from the neglect or failure of a sheriff, to return the first attachment, that there has been no service of it, and unless such fact was made to appear to the court, it would not be justified in issuing a second attachment. The first may have been served, and if, in such a case, a second attachment should be deemed lawful, there might be a double levy for the same debt, which would operate great oppression and injustice. From such a determination, no injury could result to a plaintiff. He possessed the power to rule the sheriff, to return the process, which might have been coerced by the court without delay, and if injury, in any manner, resulted from the conduct of the sheriff, the law furnished the plaintiff redress against him. This renders it unnecessary

Baldwin, use of Owens, *vs.* Wright and Kent.—1845.

to examine the question, how far it was competent for the deputy sheriff, after the death of sheriff, to return the second attachment, or to amend the return after it was made, for if the alias attachment was illegal, because there was no return to the first, an enquiry into the legality of these proceedings would be unimportant.

In this view of the subject, the court should have decided in favor of the motion to quash the attachment, and ought not, therefore, to have entered a judgment of condemnation.

**JUDGMENT REVERSED.**

In No. 12, *Thomas Baldwin* recovered judgment against *Robert Wright* and *Dewit Kent,* at October term of *Prince George's* county court, 1838. On the 16th April 1840, *Thomas Baldwin* conveyed to the appellants, among other property, the judgment he had thus obtained. On the 17th of April 1840, *Robert Wright* issued his attachment on a judgment he had theretofore obtained against *Thomas Baldwin.* The court decided, that *Wright* acquired a lien on the judgment of *Baldwin* against *Wright* and *Kent,* in virtue of his judgment against *Baldwin,* and the attachment by him issued on his judgment against *Baldwin.*

The date of the transfer to the appellants is prior, in point of time, to the attachment of *Wright,* so that it is clear the attachment could not give a prior equity to *Wright.*

But it is contended, that *Wright* could have set off his judgment against the judgment obtained by *Baldwin* against *Dewit Kent* and *Wright.* Supposing this judgment could have been set off, still, as the assignment bears date on the 16th April 1840, and the attachment issued by *Wright* was not issued until the day after, (the 17th of April 1840,) there can exist no foundation whatever for the claim set up by *Wright.*

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**

The evidence adduced by the defendant in No. 14, justified the court in the judgment they gave. The evidence of *Brooke* proves, that *Owens* disclaimed the assignment, and although

*Baldwin* proves, that the assignment was made to *Owens*, for a valuable consideration, if his testimony be admitted, that fact will not prevent the gratification of the defendant's motion, for as *Owens* disclaimed the assignment, he acquired no right in it.

We think the court erred in rejecting the testimony of *Baldwin*. The general rule is, that a party to the record cannot be examined as a witness. But, in this motion, to strike out the use, we do not consider *Baldwin*, as in any manner, a party. The contest is solely between the defendant, and the *cestui que use*, and he is in no manner liable for the costs.

JUDGMENT AFFIRMED.