GOLDSBOROUGH S. GRIFFITH *vs.* THE ETNA FIRE
INSURANCE COMPANY, Garnishee of BENJAMIN
UPTON.

An attachment on judgment is treated by the several acts of Assembly upon the subject as an *execution*, and as its office is the same as that of a *fi. fa.*, it should be governed by the same rules.

The Court of Common Pleas has the power to issue an attachment upon a judgment rendered by it upon appeal from a magistrate's decision, such judgment thereby becoming its own judgment and the attachment being an *execution*.

APPEAL from the Court of Common Pleas for the city of Baltimore.

In this case the appellant, Griffith, upon an appeal from the judgment of a magistrate to the Court of Common Pleas, recovered in the latter court, at its January term 1852, a judgment against Benjamin Upton for the sum of $11.38¼ debt, with interest from the 8th of September 1851, and 75 cents magistrate's costs, and $6.19⅝ costs in the Court of Common Pleas. On the 6th of July 1852, he sued out of said court a writ of attachment on this judgment, which, on the same day, was laid in the hands of the Etna Fire Insurance Company, as garnishee, who appeared and pleaded *nulla bona* of said Upton in its lands, upon which issue was joined. At January term 1853 the case was tried, and a verdict rendered against the garnishee for the sum of $19.29, the amount claimed by Griffith. A motion was then made by the garnishee in arrest of judgment, and the reason filed "that the court had not original jurisdiction therein." This motion the court, (MARSHALL, J.,) allowed and arrested the judgment. From this decision Griffith appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*S. A. Leakin* and *Jas. Malcolm* for the appellant, argued, that this decision should be reversed, because an attachment on a judgment is an execution, and the Court of Common Pleas

had jurisdiction to issue an execution on its own judgment and to give judgment against the garnishee. *Acts of* 1715, *ch.* 40, *sec.* 7; 1824, *ch.* 74, and 1834, *ch.* 189. 1 *H. & McH.*, 408, *Waters vs. Caton.* 6 *H. & J.*, 200, *Barney vs. Patterson.* 3 *Gill*, 241, *Baldwin vs. Wright & Kent.* 2 *Md. Rep.*, 458, *Evans & Co., vs. Sprigg, et al.*

No counsel appeared for the appellee.

MASON, J., delivered the opinion of this court.

The reason assigned by the counsel why this judgment should be arrested, namely, that the court had not *original* jurisdiction therein, does not, we suppose, properly indicate the grounds upon which, in fact, the judgment was arrested. That the Court of Common Pleas had original jurisdiction to render the judgment, upon an appeal from the magistrate's proceeding, there can be no doubt; but the objection doubtless was, that the court had not power to order an attachment by way of execution upon its own judgment, because it was supposed that the attachment was a new or original proceeding, and the sum upon which it issued being below the jurisdiction of the court, no such action could be taken over the subject.

This view is not correct. An attachment on judgment seems to have been treated, in the several acts of Assembly upon the subject, as an execution, and as its office is the same with that of a *fi. fa.*, we cannot see why, upon general principles, it should not be governed by the same rules. But the Court of Appeals have virtually settled the point. In the case of *Baldwin, use of Owens, vs. Wright & Kent*, 3 *Gill*, 246, "this process," meaning an attachment on a judgment, the court say, "under this act, is considered by the terms of the act as an execution, and in our judgment should be governed by the same principles;" and they proceed to add, that therefore an *alias* attachment could not issue until the first is returned, and assimilate the case to that of *Turner vs. Walker*, 3 *Gill & Johns.*, 385, which related to a *fieri facias*.

It follows, therefore, from what we have said, that as every court has power to enforce its own judgments by issuing execution thereon, and as this attachment was an execution, it was properly issued.

The language of the act of 1715, chap. 40, sec. 7, *that any person having obtained a judgment in any court of this Province may take out an attachment by way of execution,* is certainly comprehensive enough to authorise the Court of Common Pleas to issue an attachment upon a judgment rendered upon appeal from a magistrate's decision, such judgment thereby becoming a judgment of the appellate court.

*Judgment reversed, and judgment for appellant.*