RENTALS UNLIMITED, INC. *v.* ADMINISTRATOR,
MOTOR VEHICLE ADMINISTRATION

[No. 144, September Term, 1978.]

*Decided September 20, 1979.*

The cause was argued before SMITH, DIGGES, ELDRIDGE,
ORTH, COLE and DAVIDSON, JJ.

*Barnett Rosenberg,* with whom were *Peter J. Messitte* and
*Messitte & Rosenberg, P.A.* on the brief, for appellant.

The Court declined to hear argument from the appellee.
*Stephen H. Sachs, Attorney General,* and *William M. Huddles*
and *Robert R. Smith, Assistant Attorneys General,* on the
brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

Maryland Code (1977) §§ 17-201 — 17-204 of the Transportation Article provides: [1]

"§ 17-201. 'Judgment' defined.

In this subtitle, 'judgment' means *any final judgment* resulting from:

(1) A cause of action for damages arising out of the ownership, maintenance, or use on any highway or other property open to the public of any vehicle of a type required to be registered in this State; or

(2) A cause of action on an agreement of settlement for damages arising out of the ownership, maintenance, or use on any highway or other property open to the public of any vehicle of a type required to be registered in this State."

"§ 17-202. Report of unsatisfied judgment to Administration.

If a person fails to satisfy a judgment within 30 days, the judgment creditor or his representative may send to the Administration a certified copy of the judgment and, on a form provided by the Administration, a certificate of facts relating to the judgment. The certificate of facts is prima facie evidence of the facts stated in it."

"§ 17-203. Duty of Administration as to nonresident judgment debtor.

If the judgment debtor named in a certified copy of a judgment or in a certificate of facts is a nonresident, the Administration shall send a certified copy of the judgment or certificate of facts to the Motor Vehicle Administrator of the State where the judgment debtor is a resident and of any

---

1. Title 17 "Vehicle Laws—Required Security" §§ 17-201—17-301 of the Transportation Article, ch. 14, Acts of 1977, effective 1 July 1977.

other state where the vehicle of the judgment debtor is registered."

"§ 17-204. Suspension of license and registration on nonpayment of judgment.

Except as otherwise provided in this subtitle, *on receipt of a certified copy of a judgment and a certificate of facts, the Administration shall suspend:*

*(1) The license to drive of the judgment debtor; and*

*(2) The registration of all vehicles owned by the judgment debtor and registered in this State."* (Emphasis added.) [2]

This case presents four questions concerning this statute. The first is whether the statute authorizes the Motor Vehicle Administration to suspend the registration and license to drive (license) of a Maryland resident who has failed to satisfy a judgment rendered by a court of any state or of the United States, including a court of the District of Columbia, (hereinafter referred to as a foreign judgment). The second is whether the Motor Vehicle Administration's action in suspending the registration and license of such a Maryland resident violates the full faith and credit clause of the United States Constitution.[3] The third is whether the Motor Vehicle Administration's action violates the due process clause of the Fourteenth Amendment to the United States Constitution.[4] The fourth is whether the Motor Vehicle Administration's

---

2. *See* House Bill No. 226, vetoed 29 May 1979.

3. The full faith and credit clause, U.S. Const. art. IV, § 1 provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

4. The due process clause, U.S. Const. amend. XIV, § 1 provides in pertinent part:

"No State shall ... deprive any person of life, liberty, or property, without due process of law...."

action is an improper exercise of judicial authority by an administrative agency which violates the Maryland Constitution, article IV, section 1.[5]

The record shows that the appellant, Rentals Unlimited, Inc. (Rentals), is a Maryland corporation and a Maryland taxpayer with its principal place of business in Montgomery County. It leases equipment, including trucks, to individuals and companies, which are driven principally in the State of Maryland, but also in other jurisdictions. In July, 1977, an individual, driving one of Rentals' leased trucks, was involved in an accident in the District of Columbia. Rentals was sued in the Superior Court of the District of Columbia, but did not enter an appearance and did not contest the jurisdiction of that court or the merits of the claim. On 21 November 1977, judgment in the amount of $514.45 was entered against Rentals. The judgment was not paid.

On 15 February 1978, the Motor Vehicle Administration mailed Rentals a "Suspension Notice" stating that its "Maryland driving and registration privileges," for all of the vehicles which it owned or co-owned, would be suspended on 1 March 1978, and that if it could not satisfy the judgment by that date, it must return all its "tags and registration cards."[6] On 28 February 1978, the Motor Vehicle Administration, in response to a request from Rentals, stayed suspension until 1 April 1978. Rentals did not request an administrative hearing.

On 28 March 1978, in the Circuit Court for Montgomery County, Rentals filed a petition seeking to enjoin the appellee, Administrator, Motor Vehicle Administration (MVA), from

---

5. Md. Const. art. IV, § 1 provides in pertinent part:

"The Judicial power of this State shall be vested in a Court of Appeals, and such intermediate courts of appeal, as shall be provided by law by the General Assembly, Circuit Courts, Orphans' Courts, such Courts for the City of Baltimore, as are hereinafter provided for, and a District Court. . . ."

6. The Motor Vehicle Administration's "Suspension Notice" ordinarily requests the return of "driver's license, tags and registration cards." Apparently, because Rentals is a corporation, not an individual, the words "driver's license" were deleted. See Md. Code (1977), § 16-101 of the Transportation Article.

suspending all of its registrations if it did not satisfy the District of Columbia judgment by 1 April 1978, and seeking a declaration of "the powers, rights and duties" of the parties. Although in its petition Rentals had alleged that it was challenging the jurisdiction of the Superior Court of the District of Columbia, it alleged no facts and adduced no evidence to show that that court lacked jurisdiction, nor did it allege that it had been deprived of due process of law because it had not been afforded an administrative hearing. On 29 March 1978, the trial court entered an order enjoining the MVA from suspending Rentals' registrations pending further order of that court. On 18 September 1978, the trial court entered an order dismissing Rentals' petition. Rentals appealed to the Court of Special Appeals. The MVA agreed to stay suspension pending completion of judicial review. We issued a writ of certiorari before consideration by that Court. We shall affirm.

Rentals' initial contention, that Maryland Code (1977) §§ 17-201 — 17-204 of the Transportation Article does not expressly or by implication authorize the MVA to suspend its vehicle registrations and licenses because it had failed to satisfy a foreign judgment, is without merit. Section 17-201 expressly provides that in subtitle 2 of title 17, "judgment" means "any final judgment" which results, in essence, from a vehicular accident. It does not specify whether that definition is limited to final judgments rendered by Maryland courts or includes not only final judgments rendered by Maryland courts, but also final foreign judgments. We must determine, therefore, whether a foreign judgment is a "judgment" within the meaning of § 17-201.

The cardinal rule of statutory construction is to ascertain and effectuate the actual intent of the Legislature. In determining this legislative intent a court must read the language of the statute in context and in relation to all of its provisions. *Comptroller of the Treasury v. John C. Louis Co.,* 285 Md. 527, 538-39, 404 A.2d 1045, 1052-53 (1979). In addition, it may consider the statute's legislative history and must consider its purpose. *Comptroller of the Treasury v.*

*John C. Louis Co.,* 285 Md. at 538-39, 404 A.2d at 1052; *Criminal Injuries Compensation Board v. Gould,* 273 Md. 486, 495, 331 A.2d 55, 61-62 (1975); *Welsh v. Kuntz,* 196 Md. 86, 93-97, 75 A.2d 343, 345-47 (1950).

The legislative history of title 17 shows that §§ 17-201 — 17-204 were preceded by Maryland Code (1957, 1976 Cum. Supp.) art. 66½, §§ 7-201 — 7-204.[7] Article 66½, § 7-201 defined "judgment" as follows:

> "For the purpose of this subtitle *the term 'judgment' means any enforceable judgment* which has become final by expiration, without appeal, of the time within which an appeal might have been perfected, or by final affirmation on appeal, *rendered by a court of competent jurisdiction of any state or of the United States,* upon a cause of action arising out of the ownership, maintenance or use upon a highway or property open to use by the public, of any vehicle of a type subject to registration under the laws of this State, for damages. . . ." (Emphasis added.)

Thus, art. 66½, § 7-201, unlike its successor § 17-201, expressly authorized the MVA to suspend the license and registration of any person against whom a foreign judgment had been rendered.

The revisor's note to § 17-201 states:

> "This section is new language derived without substantive change from former Article 66½ § 7-201."

While the revisor's notes are not law and may not be considered to have been enacted as part of the act, ch. 14, § 7, Acts of 1977, they are entitled to weight. We conclude that this history establishes that the words "any final judgment" used in § 17-201 mean any final judgment of a court of competent jurisdiction of any state or of the United States.

---

7. Art. 66½, §§ 7-201 — 7-204, ch. 54 Acts of 1975 were repealed and reenacted, as §§ 17-201 — 17-204 of the Transportation Article, ch. 14 Acts of 1977.

This meaning effectuates the purpose of title 17. Title 17, "Vehicle Laws — Required Security," is the most recent formulation of a consistent legislative policy designed to make certain that those who own and operate vehicles in Maryland are financially responsible.[8] The legislative objective of this statute, like the objective of its predecessors, is to achieve the remedial purpose of protecting the public from the reckless operation of vehicles by financially irresponsible drivers by assuring that operators and owners of vehicles against whom judgments might be entered on account of negligent driving, are financially able to pay damages to persons injured by such negligence. *Amalgamated Casualty Ins. Co. v. Helms,* 239 Md. 529, 534, 212 A.2d 311, 315 (1965); *National Indemnity Co. v. Simmons,* 230 Md. 234, 238-39, 186 A.2d 595, 597 (1962); *Keystone Mutual Casualty Co. v. Hinds,* 180 Md. 676, 679, 26 A.2d 761, 762 (1942). To accomplish that purpose fully, the MVA must be authorized to suspend the license and registration of any financially irresponsible vehicle owner or driver whether that person's negligent driving occurred in Maryland or in some other jurisdiction.

Thus, the language, the legislative history, and the purpose of § 17-201 establish a legislative intent that the words "any final judgment" include any final judgment of a court of competent jurisdiction of any state or of the United States. Accordingly, we now hold that § 17-204 authorizes the MVA to suspend the license and registration of a judgment debtor who has failed to satisfy a judgment rendered against it by a court of competent jurisdiction of any state or of the United States, including the courts of the District of Columbia.

Rentals' further contentions that the MVA's action violates the full faith and credit and due process clauses of the United States Constitution and constitutes an improper exercise of

---

8. *See, e.g.,* Title 17 "Vehicle Laws — Required Security" §§ 17-201 — 17-204 of the Transportation Article, ch. 14, Acts of 1977; art. 66½, subtitle 7 "Vehicle Laws — Required Security" §§ 7-201 — 7-204, ch. 54, Acts of 1975; art. 66½, subtitle 7 "Required Security" §§ 7-101 — 7-102, ch. 73, Acts of 1972; art. 66½, subtitle 7 "Financial Responsibility and Unsatisfied Claim and Judgment Fund" §§ 7-101 — 7-505, ch. 534, Acts of 1970.

judicial authority by an administrative agency which violates the Maryland Constitution, article IV, section 1, are also without merit. Each of these contentions is premised on Rentals' assertions that the MVA's action suspending licenses and registrations because of a failure to satisfy a foreign judgment, constitutes, in essence, an enforcement of a foreign judgment, and that a foreign judgment may not be enforced in Maryland unless an action on that judgment, in which the defense of lack of jurisdiction can be asserted, has been instituted in Maryland.

The full faith and credit clause requires a state to recognize or enforce foreign judgments. Unlike the due process clause, which forbids the recognition and enforcement of a foreign judgment rendered by a court which lacks jurisdiction, *Staley v. Safe Deposit & Trust Co.,* 189 Md. 447, 455, 56 A.2d 144, 148 (1947), the full faith and credit clause contains no inhibitions on a state's right to recognize or enforce foreign judgments. Thus, there can be no claim that the full faith and credit clause has been violated when a state recognizes or enforces a foreign judgment, even if that judgment is void because the court rendering it lacked jurisdiction. Under such circumstances, the only possible claim of a constitutional infirmity would be a claim of a violation of the due process clause. Consequently, the MVA's action, which according to Rentals constitutes the enforcement of a foreign judgment, does not violate the full faith and credit clause. Any constitutional infirmity which might result from that agency's "enforcement" of a foreign judgment, without a Maryland action in which the defense of lack of jurisdiction can be asserted, can only involve a claim of a violation of the due process clause.

With respect to the due process clause, Rentals asserts that the MVA's "enforcement" of a foreign judgment, without an action on that judgment having been instituted in Maryland, deprives it of its right to defend on the ground that the court which rendered the foreign judgment lacked jurisdiction. This argument overlooks the facts in this case. There is no question that the right to drive and to register vehicles involves "important interests" which cannot be taken away

without procedural due process. *Dixon v. Love,* 431 U.S. 105, 112, 97 S. Ct. 1723, 1727 (1977); *Bell v. Burson,* 402 U.S. 535, 539, 91 S. Ct. 1586, 1589 (1971). But here the facts establish that Rentals was afforded procedural due process.

In *Jennings v. Mahoney,* 404 U.S. 25, 26, 92 S. Ct. 180, 181 (1971), the United States Supreme Court considered the question whether an uninsured motorist involved in an accident, whose license had been suspended for non-compliance with the Utah Motor Vehicle Safety Responsibility Act, solely on the basis of accident reports and without a hearing on fault, had been afforded procedural due process. There the statutory scheme was attacked on two grounds. First, it was submitted that, by not requiring a stay of the suspension order pending determination of judicial review, the scheme left open the possibility that a license might be suspended without affording the motorist a prior hearing. Secondly, it was asserted that in confining judicial review to the question whether the administrative determination was supported by the accident reports, and not affording the motorist an opportunity to offer evidence and cross-examine witnesses, the motorist was not afforded a "meaningful" hearing. The Supreme Court said:

> "There is plainly a substantial question whether the Utah statutory scheme on its face affords the procedural due process required by Bell v. Burson. This case does not, however, require that we address that question. The District Court in fact afforded this appellant such procedural due process. That court stayed the Director's suspension order pending completion of judicial review, and conducted a hearing at which appellant was afforded the opportunity to present evidence and cross-examine witnesses." 404 U.S. at 26-27, 92 S. Ct. at 181.

Here the record shows that Rentals made no request for an administrative hearing. Instead, after the MVA had voluntarily stayed its action, Rentals brought an injunction suit in the trial court. That court then enjoined the MVA from suspending Rentals' registration until it entered its order.

Thereafter, the MVA agreed to stay its action until judicial review was completed. In the trial court, Rentals was afforded the opportunity to present evidence to show that the Superior Court of the District of Columbia lacked jurisdiction. Rentals, however, failed to produce such evidence. Indeed, at oral argument, Rentals conceded that that court had jurisdiction. Under these circumstances, there is no violation of due process of law. We need not address the question, neither raised nor decided below, of whether, on its face, the statute affords procedural due process. *Jennings v. Mahoney,* 404 U.S. at 26-27, 92 S. Ct. at 181; Md. Rule 885.

Finally, with respect to Maryland Constitution, article IV, section 1, Rentals asserts that the MVA's "enforcement" of a foreign judgment is a fundamental invasion of the powers and prerogatives which belong to the judiciary. This argument overlooks the fact that the MVA's action in suspending licenses and registrations because of a failure to satisfy a foreign judgment does not constitute the "enforcement" of that judgment.

Generally, courts have power to enforce their judgments and decrees, *Griffith v. Etna Fire Ins. Co.,* 7 Md. 102, 103 (1854), as well as the valid judgments and decrees of the courts of other states and of the United States. In Maryland, money judgments may be enforced by various methods including a new action on a judgment, *see, e.g., Van Wagenberg v. Van Wagenberg,* 241 Md. 154, 159, 215 A.2d 812, 814, *cert. denied,* 385 U.S. 833, 87 S. Ct. 73 (1966); *Hanley v. Donoghue,* 59 Md. 239, 242-43 (1883), or the revival of the judgment by a writ of *scire facias, see McHugh v. Martin,* 198 Md. 173, 177, 81 A.2d 623, 625 (1951); *O'Neill & Co. v. Schulze,* 177 Md. 64, 67-70, 7 A.2d 263, 264-65 (1939); Md. Rules 622 a, c-f, 623, 624; 4 Poe, *Pleading and Practice,* §§ 585, 609 (Sachs 6th ed. 1975), either of which would serve as a basis for a mode of execution such as a writ of *fieri facias, McCartney v. Frost,* 282 Md. 631, 633, 386 A.2d 784, 785 (1978); *Illi, Inc. v. Margolis,* 267 Md. 30, 35-36, 296 A.2d 412, 415-16 (1972); *Coombs v. Jordan,* 3 Bland 284, 298-322 (1831); Md. Rule 622; 4 Poe, *Pleading and Practice,* § 626 (Sachs 6th ed. 1975), or an attachment on judgment, *Northwestern Nat'l*

*Ins. Co. v. Wetherall,* 272 Md. 642, 650, 325 A.2d 869, 874 (1974); *Northwestern Nat'l Ins. Co. v. Wetherall,* 267 Md. 378, 383-85, 298 A.2d 1, 5-6 (1972); *Baldwin* ex rel. *Owens v. Wright,* 3 Gill 241, 246 (1845); Md. Code (1974, 1978 Cum. Supp.) § 11-602 of the Courts and Judicial Proceedings Article; Md. Rules 622, 623; 4 Poe, *Pleading and Practice,* §§ 584 C, 689 (Sachs 6th ed. 1975). Thus, "enforcement" of a money judgment involves the judicial process in various types of judicial proceedings all designed for the purpose of preserving private individual rights by permitting a judgment creditor to obtain possession of the assets of a judgment debtor in order to satisfy the debt or damages recovered by the judgment. *Henry B. Myers Co. v. Annapolis Banking & Trust Co.,* 170 Md. 198, 201, 183 A. 543, 544 (1936); *Calvert Bldg. & Constr. Co. v. Winakur,* 154 Md. 519, 529, 144 A. 355, 359 (1928); *Thomson v. Baltimore & Susquehanna Steam Co.,* 33 Md. 312, 318 (1870).

While the right to drive and to register motor vehicles involves "important interests" of the licensee or registrant, a state may base a license or registration suspension on the outcome of a civil action for damages brought by the injured party. *Bell v. Burson,* 402 U.S. at 540, 91 S. Ct. at 1590. Such a suspension of a registration or license is an administrative sanction imposed upon owners or drivers for the purpose of protecting the public safety and welfare by ridding the highways of financially irresponsible persons. *See Amalgamated Casualty Ins. Co. v. Helms,* 239 Md. at 534, 212 A.2d at 315; *Smith v. State,* 17 Md. App. 217, 235, 301 A.2d 54, 64, *cert. denied,* 269 Md. 766 (1973). Although the imposition of that sanction most assuredly does, as a practical matter, encourage a judgment debtor to satisfy a judgment creditor by payment of a foreign judgment, it does not constitute "enforcement" of that judgment. It does not involve the judicial process. It is not itself a judgment. It cannot serve as a basis for execution. It is not itself a form of execution. It does not establish the judgment creditor's liability or directly affect the judgment debtor's assets. Indeed, it enforces a public, not a private right.

Because the MVA's action involves the imposition of an

administrative sanction and does not constitute the "enforcement" of a foreign judgment, its action does not constitute an exercise of judicial power. There is no violation of article IV, section 1 of the Maryland Constitution.

*Judgment affirmed.*
*Costs to be paid by appellant.*