## J. ROGER McSHERRY vs. CORNELIA RINGGOLD McSHERRY.

*Divorce—After Appearance of Defendant and Decree for Divorce the Court Retains Jurisdiction to Make Subsequent Decree for Alimony—Decree for Alimony is in Personam.*

When a Court has acquired jurisdiction over the defendant under a bill for divorce and alimony by service of process on him within the State or by his voluntary appearance, the jurisdiction continues for all the purposes of the suit, and after the making of a decree for a divorce, the Court may make another decree awarding alimony to the plaintiff, although, before the passage of the second decree, the defendant has become a non-resident of the State and no service of the order relating to alimony was made on him personally, but only on his solicitor in the original proceeding.

In a suit for divorce and alimony the defendant appeared personally and by solicitor, and after testimony was taken, an agreement of counsel was filed stating that the decree should award to the plaintiff as alimony and for maintenance of the children such sum as might thereafter be determined by the Court. The decree then made granting the divorce provided that the defendant should pay to the plaintiff as alimony such sum as should be thereafter determined by the Court upon application. Two years afterwards, when the defendant had become a non-resident, the plaintiff petitioned for an allowance for alimony, and the Court passed a decree directing the defendant to pay a certain sum as alimony. Notice of this decree was served on the solicitor of record of the defendant, who filed an answer stating that he was not then the defendant's attorney. Upon a motion to strike out the decree, *held*. that the Court had retained jurisdiction to make such decree, and that personal service of the order *nisi* relating thereto

upon the defendant within the limits of the State was not necessary.

A decree for alimony is a decree *in personam,* and unless the Court has jurisdiction over the person against whom it is passed, it is not binding on him. Such jurisdiction over a non-resident can only be acquired by service of process upon him within the State or by his voluntary appearance in person or by attorney. Constructive service by publication or personal service of process beyond the limits of the State, is not sufficient, nor does a special appearance for the purpose of objecting to the jurisdiction of the Court confer upon the Court jurisdiction to decree on the merits of the case.

*Decided June 22nd, 1910.*

Appeal from the Circuit Court for Frederick County (MOTTER, J.).

The cause was argued before BOYD, C. J., BRISCOE, BURKE and THOMAS, JJ.

*Frank L. Stoner* and *Leo Weinberg,* for the appellant.

*Charles W. Wisner, Jr.,* and *Milton G. Urner, Jr.,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Frederick County, sitting as a Court of Equity, overruling a motion to strike out a decree of that Court, requiring the appellant to pay to the appellee the sum of one hundred dollars per month, as alimony and for the maintenance of their children.

In December, 1906, the appellee filed a bill of complaint in the Court below against the appellant for a divorce, the guardianship and custody of their children and for alimony, etc. After stating the grounds for a divorce, the bill alleged:

"That your oratrix has no means of her own for the support of herself and her minor children and is now living, with said children, at the home of her mother * * * in Frederick City, Maryland; and the defendant, who is a practicing attorney of your Honorable Court and is seized and possessed of considerable estate, is contributing nothing to the support of his said family." The defendant, the appellant, who was then a resident of Frederick County, Maryland, appeared and filed his answer on the first day of April, 1907, in which he replied to the above allegations of the bill as follows: "Your respondent answering the 6th paragragh of said bill denies that the plaintiff has no means of support for herself, but avers that she is entitled to the income of a trust created for her benefit by her father, as well as to the corpus of said trust fund, and further answering said paragraph your respondent admits that he is a practicing attorney of your Honorable Court, but denies that he is possessed of considerable estate, but on the contrary avers that he was compelled to execute a deed of trust of all his property to Emory L. Coblentz, for the benefit of his creditors, and is not in a position to contribute to the support of his said family at present." On the same day a general replication was filed by the plaintiff, and leave was granted to the parties to take testimony. On the 6th of May the "testimony on behalf of the plaintiff" was returned by the examiner, and counsel filed the following agreement:

AGREEMENT OF COUNSEL.

Cornelia Ringgold McSherry ⎫ No. 8105 Equity.
                          ⎪ In the Circuit Court for
        *vs.*             ⎬ Frederick County,
James Roger McSherry.     ⎭ in Equity.

*To the Honorable the Judges of said Court:*

It is agreed by the parties to the above cause that the decree in said cause shall award to the plaintiff as alimony and for the maintenance of the children of the plaintiff and defendant, such sum or sums of money to be paid by the defendant as may be

hereafter determined by your Honorable Court, and that the amount of said alimony and maintenance be reserved by said decree for future determination upon the application of any of the parties in interest. And it is further agreed that the rule of Court requiring testimony to lie in Court for ten days be waived.

URNER & URNER,
Sols. for Plaintiff.
FRANK L. STONER,
Sol. for Deft.

On the 7th of May, 1907, the Court below passed a decree granting the divorce, awarding the guardianship and custody of the children to the plaintiff, and further providing, "that the said defendant pay to the plaintiff, as alimony and for the maintenance of the said children of the plaintiff and defendant, such sum or sums of money as may be hereafter determined by this Court upon the application of any of the parties in interest." So far as the record in this Court discloses, there were no further proceedings in the case until the 10th of June, 1909, when the plaintiff filed a petition in the case, in which, after stating the provisions of the decree of 1907, she alleged: "2. That since the passage of said decree the said defendant has been employed in the city of Chicago in the service of a railroad having headquarters in said city, but the nature of said employment and the extent of the defendant's earnings have not been learned by your petitioner until recently; and your petitioner is now reliably informed and avers that the defendant is employed by the Chicago and Eastern Illinois Railroad Company, with offices at 625 La Salle Street Station, Chicago, Illinois, as claim agent of said company for the States of Illinois and Indiana, at a yearly salary of about three thousand dollars. 3. That the defendant has contributed nothing whatever to the support of your petitioner or his said children since October, 1906, and your petitioner has been, and is now, working for her livelihood and the support of said children." The prayer of the petition was for a determination by the Court,

in accordance with its previous decree, of the amount to be
paid to the plaintiff as alimony and for the maintenance of
said children.   The petition was sworn to by the petitioner,
and the Court passed the following order: "Upon the afore-
going petition and affidavit of Cornelia Ringgold McSherry,
plaintiff in the above-entitled cause, it is ordered, determined
and decreed by the Circuit Court for Frederick County, in
Equity, this 10th day of June, A. D. 1909. that James
Roger McSherry, the defendant in this case, pay to said
plaintiff, as alimony and for the maintenance of the children
of the plaintiff and defendant, mentioned in these proceed-
nigs, the sum of one hundred dollars per month accounting
from the date of this order, unless cause to the contrary be
shown by said defendant on or before the 21st day of June,
A. D. 1909; provided that a copy of said petition and of
this order be served upon the said defendant or his solicitor
of record. in this case, on or before the 12th day of June,
A. D. 1909." A copy of the petition and order having been
served upon Frank L. Stoner, the solicitor of record for the
defendant, on the 11th day of June, he filed an answer, stat-
ing that he was not "the attorney for the defendant in rela-
tion to the matters mentioned in said petition," and that he
had "no authority to represent the defendant," in said mat-
ter.   On the 30th day of June, 1909, the Court below passed
a decree, reciting the decree of 1907, the petition of the
plaintiff, the order of June 10th, that a copy of said petition
and order had been served upon the solicitor of record for
the defendant, that a copy of said petition and order had
been mailed to the defendant, and that no cause to the con-
trary had been shown, and decreeing as follows: "It is there-
upon, this 30th day of June, A. D. 1909, by the Circuit
Court for Frederick County, in Equity, adjudged, ordered
and decreed, that the amount heretofore decreed to be paid
by James Roger McSherry, the defendant in this case, to
Cornelia Ringgold McSherry, the plaintiff, as alimony and
for the maintenance of the children of the plaintiff and de-

fendant, be and it is hereby determined to be the sum of one hundred dollars per month, accounting from the 10th day of June, A. D. 1909, and that the defendant pay to the plaintiff the said sum of money per month, accounting from said date.." "Stoner & Weinberg, Attys. of Record for J. Roger McSherry," on the 29th of July, 1909, filed a motion to strike out said decree for the following reasons: "1st. Because there was no service of process upon any person authorized to accept service. 2nd. Because the Court had no jurisdiction over said J. Roger McSherry at the time of entering said decree. 3rd. Because the defendant was a non-resident, at the time of the decree, beyond the jurisdiction of the Court. 4th. Because of the reasons assigned by Frank L. Stoner in his petition of date June 11th, 1909. 5th. And for other reasons to be assigned at the hearing of this motion." From the order of the Court below overruling this motion the defendant has appealed.

A decree for alimony is a decree *in personam,* and unless the Court has jurisdiction over the person against whom it is passed it is not binding upon him. Such jurisdiction over a non-resident can only be acquired by service of process upon him within the State, or by his voluntary appearance, in person or by attorney. Constructive service by publication, or personal service of process beyond the limits of the State, is not sufficient, nor does a special appearance for the purpose of objecting to the jurisdiction of the Court confer upon that Court jurisdiction to decree on the merits of the case. *Garner* v. *Garner,* 56 Md. 127; *Fisher* v. *Parr,* 92 Md. 245; *Gemundt* v. *Shipley,* 98 Md. 657; *Pennoyer* v. *Neff,* 95 U. S. 714; *Harkness* v. *Hyde,* 98 U. S. 476; 2 *Bishop, Marriage, Divorce and Sep.,* Ch. 3; 14 *Cyc.* 745.

Where, however, a defendant appears generally, either in person or by attorney, or process is served upon him within the State, the Court acquires jurisdiction over him for the purpose of the suit. It is said in 19 *Ency. of P. & P.* 574: "When the original process has been served on the defendant

he is in Court for every purpose connected with the action, and is charged with notice of whatever action the Court may take while the suit is pending." Or, as stated in 1 *Freeman on Judgments* (4th ed.), sec. 142, "Jurisdiction over a party, being obtained, continues until judgment." And *Mr. Bishop* says: "In these cases, as in all others governed by the like reasons, a voluntary appearance by the defendant, or the citation of him when found within the territorial limits of the Court, lets in the jurisdiction *in personam,* and then the personal judgment, which would otherwise be incompetent, may be rendered against him." 2 *Bishop on Marriage, Divorce and Sep.,* sec. 81.

In the case at bar, the bill prayed for a divorce, guardianship and custody of the children and for alimony, and the defendant appeared and filed his answer. Under such circumstances there can be no doubt about the jurisdiction of the Court to grant the relief prayed in the bill. In pursuance of the agreement of counsel, the Court passed the decree of 1907, requiring the defendant to pay the plaintiff, as alimony and for the maintenance of their children, such sum or sums of money as the Court should thereafter determine upon the application of either of the parties, and reserving for future determination by the Court the amount to be so paid. It was not contemplated by the agreement that the Court should surrender its jurisdiction over the parties. On the contrary, it was expressly agreed that it should be reserved. Jurisdiction having been retained, in accordance with the terms of the agreement, for the purpose of determining the amount to be paid, the defendant could not deprive the Court of its jurisdiction by leaving the State.

JUDGE PHELPS, after stating that "merely formal orders are granted as of course and *ex parte,*" says: "Orders affecting substantial rights are never granted without notice, unless in the presence of some pressing emergency. In such cases, which should be rare, opportunity is always afforded for a speedy hearing. Special orders, or orders other than those

of routine, are preceded by a preliminary order, or order
*nisi,* stating distinctly the precise terms of the order to be
passed, unless cause be shown to the contrary on or before a
given day, provided notice be served (usually by serving a
copy of the order) upon all parties adversely interested with-
in a sufficient time.    In case of inability to effect service
within the time limited, the time may be enlarged, and if
parties are non-residents, not represented by counsel, con-
structive service by publication is necessary.    But service of
such orders is generally well made by service upon counsel,
except where foundation is sought to be laid for a contempt
proceeding."    *Phelps' Juridical Equity,* sec. 89; see also
*Miller's Equity Proc.,* sec. 248, and *Alex. Ch. Pr.* 78-80.

And in *Jenkins v. Whyte,* 62 Md. 436, the Court said that
a party "must receive special notice of all proceedings against
his interest in the progress of the cause, which he could not
know from the ordinary course of practice."    In *McKim* v.
*Odom,* 3 Bland, p. 429, Chancellor Bland says: "The
Court has substituted service, in several cases, where the de-
fendant may have notice of the proceedings, and where, in
case he goes out of the way, there is a person who he has
named in Court as his agent, and who the Court can look
upon as such.    * * *    As in case of an injunction to stay
proceedings at law, the attorney-at-law is such an agent, who
the Court can regard as one charged with the whole defense
of the matter in equity; and so too, where a defendant, who
lives abroad, refuses to answer, after having appeared as re-
quired by the subpœna with which he has been served, the
Court will order service on his solicitor to be deemed good
service of a subpœna to answer an amended bill."

Following the practice stated by Judge Phelps, the Court
below, on the application or petition of the plaintiff, passed
the order *nisi,* and required a copy of the petition and order
to be served on the defendant or his attorney of record, but
personal service of a copy of the petition and order upon the
defendant within the limits of the State was not necessary

in this case in order to give the Court jurisdiction to pass the decree of June 30th, for, as we have said, after the Court had acquired jurisdiction over the parties, they, through their attorneys, agreed that the amount of alimony, etc., should be determined by the Court upon the application of either of the parties, and jurisdiction was accordingly retained by the Court for that purpose. Service of a copy of the petition and order upon Frank L. Stoner, Esq., who was the solicitor of record for the absent defendant, and who signed the agreement of counsel, was the most effective means of giving the defendant notice of the petition and order, and nothing more was required.

The case of *Smith* v. *Woolfolk,* 115 U. S. 148, relied on by counsel for the appellant, does not touch the question presented by the record in this case. In that case the Court said: "After a decree disposing of the issues and in accordance with the prayer of a bill has been made, it is not competent for one of the parties, without a servie of new process or appearance, to institute further proceedings on new issues and for new objects, although connected with the subject-matter of the original litigation, by merely giving the new proceedings the title of the original cause. If his bill begins a new litigation, the parties against whom he seeks relief are entitled to notice thereof, and without it they will not be bound." Here there had been no decree disposing of *the issue,* and the petition of the plaintiff was not a proceeding for a *new object,* but was for a part of the relief prayed in her bill, and as to which the Court had retained jurisdiction, in accordance with the agreement of the parties

As the Court below had jurisdiction to pass the decree, we must affirm the order overruling the motion to strike it out.

*Order affirmed, with costs.*