## JOHN A. GUERRENI

### vs.

## JOSEPH E. SAINSBURY.

*Right of Appeal—Quashing of Summons.*

If, by the ruling on a motion to quash a writ of summons, the parties are not put out of court and the case is still pending, so that defendant can demur to the *narr.* or traverse its allegations, and the case can thereafter be tried upon its merits, there is no appeal from the ruling, it being open for review by the appellate court on appeal from the final judgment, if this should be against defendant. p. 251

An appeal will lie from an order quashing a writ of summons, or the return thereon, if the result of the ruling is to put the parties out of court. p. 251

*Decided June 29th, 1921.*

Appeal from the Superior Court of Baltimore City (DUFFY, J.).

Action by Joseph E. Sainsbury against John A. Guerreni, otherwise known as John A. Guerren. From an order overruling a motion to quash a writ of summons, defendant appeals. Appeal dismissed.

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*J. Purdon Wright* and *Paul R. Kach,* for the appellant.

*J. Royall Tippett,* with whom were *Richard B. Tippett & Son* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appellant in this case was one of a number of defendants in what is known as "The Vincenti Conspiracy Case," which was tried in the United States District Court for the District of Maryland, in which he and others were indicted, tried and convicted of conspiring to violate some feature or features of the federal statute known as the Volstead Act.

The appellee, a prohibition enforcement officer, was also one of the defendants in that case, who, as he alleges, was arrested and indicted upon the false information of the appellant, but upon trial thereafter was acquitted.

The appellant pleaded guilty to the charge against him, but his sentence was deferred until after the appellee and other officers of the Government were first tried and acquitted. The trial of the appellee and other Government officers upon said charge, including that of bribery, in which the appellant was a witness for the prosecution, was concluded on Friday, the 19th day of November. It was then arranged that the appellant should be sentenced on Monday following, November 22nd, and upon that date he came from Lancaster, Pennsylvania, to receive his sentence. On that day he was sentenced to pay a fine of $10,000, which he raised by the sale of certain liberty bonds which were then deposited as bail for his appearance for trial. This, however, was not accomplished until some time in the afternoon of that day.

In the meantime, the appellee had instituted suit against him in the Superior Court of Baltimore City for "injury to his reputation and credit" caused by the alleged false information and testimony of the appellant, and the writ of summons issued thereon was served upon the appellant in the afternoon of that day in the City of Baltimore, and thereafter the sheriff made his return upon the writ. The defendant by his attorney appeared specially and moved the court to quash the sheriff's return for the reason "that said defendant is a resident of Lancaster, Pennsylvania, and at the time

of the service of the writ upon him, he was a Government witness and also a party defendant in the United States District Court for the District of Maryland and was immune *for* service of process."

The court below heard evidence upon this motion and, at the conclusion of the defendant's testimony, the motion to quash the writ was overruled. It is from the order so overruling the motion that this appeal is taken.

Is this a final order from which an appeal can be taken?

In *Bolgiano* v. *Gilbert Lock Co.*, 73 Md. 132, the writ of summons was served upon the secretary of the defendant company, a resident of New Jersey, while he was in this State in attendance upon the court as witness. The petition was filed asking that the writ and return thereon be quashed, and a demurrer filed thereto was overruled. From the order overruling the demurrer, the appeal was taken. The action upon the demurrer was, it seems, treated as equivalent to an order quashing the writ and return.

In *Mullen* v. *Sanborn*, 79 Md. 364, motion to quash the writ and return was made upon the same grounds as those in *Bolgiano* v. *Gilbert Lock Co.*, and, upon such motion, the writ and return was quashed, but, upon appeal to this Court, the order quashing the writ and return was reversed.

In *Long* v. *Hawken*, 114 Md. 234, a motion to quash the writ and return, based upon the reasons assigned in the two preceding cases, was granted, and an appeal was taken from that order quashing the return, which, too, was heard by this Court.

In each of these cases, the result of the rulings of the lower court was to put the parties out of court. *Sharpless Separator Company* v. *Brilhart*, 129 Md. 88.

But in *Oland* v. *Agricultural Insurance Company*, 69 Md. 248, where the return of the sheriff was "served on Edgar B. Freeman, agent of the Agricultural Insurance Company of Watertown, New York," and "a summons was also directed and sent by mail to the general agent or attorney of the com-

pany, residing in the City of Baltimore, specially appointed to receive service of process against the company; but whether such summons was ever received by said agent or attorney was a controverted fact in the case. The appellee, by its attorney, entered a special appearance in the case for the purpose of objecting to the sufficiency of the service of process; and it was upon the objection, made under such appearance, that the sheriff's return was quashed." In that case the Court said. "The case against the appellee is still pending in the lower court and the process may be renewed and properly waived in accordance with the provisions of the statute to which we have referred. The appeal must, therefore, be dismissed."

In *Central of Georgia Railway Co.* v. *Eichberg,* 107 Md. 363, the service was held sufficient, and the company appealed, but it was said in the opinion: "It was agreed by counsel at the argument that no advantage should be taken of the fact that there has been no final disposition of the case by the court below; the desire on both sides being to have the question of the sufficiency of the service determined by this Court on this appeal."

In the later case of *State* v. *Pennsylvania Steel Company,* 123 Md. 214, the motion to quash the return of the summons was granted, but, on appeal to this Court, the order quashing it was reversed. In that case there was a motion to dismiss the appeal for the alleged reason that the order quashing the return, not being a final order, was one from which an appeal to this Court would not lie. We, in that case, referred to *Oland* v. *Agricultural Insurance Company,* to which we have herein referred, where the appeal was dismissed, saying "that in that case the Court held that the defendant corporation was doing business in the State of Maryland, and that it could be properly sued in this State, and, further, that there was a party upon whom process could be served, binding upon the defendant corporation. But if it be held under the motion in this case that the defendant company is not doing business

in this State and that R. C. Hoffman Company is not the
agent of the defendant company, as aforesaid, then not only
will no action lie against the defendant in this State, but
there is  no one, as disclosed by the record, upon whom pro-
cess may be served, binding upon the defendant corporation,
in the jurisdiction in which this suit is instituted, and, there-
fore, the order sustaining the motion to quash the return is
so far final as to prevent the further prosecution of this suit,
and thus an appeal will lie from said order to this Court."

In *Sharpless Separator Company* v. *Brilhart, supra,* this
Court, speaking through CHIEF JUDGE BOYD, after discussing
the cases to which we have above referred, said of them, "we
have referred to these cases to show that this Court has con-
sistently entertained appeals from orders quashing writs of
summons and the returns thereon, when the result of the rul-
ings of the lower court was to put the parties out of court."

In that case, where the motion to strike out and quash the
sheriff's return of the writ of attachment was granted and
an appeal taken from said order, and a motion filed to dis-
miss said appeal, CHIEF JUDGE BOYD said: "When the sher-
iff's return to a writ of attachment is quashed, after the re-
turn day, the plaintiff is out of court—it is a final determi-
nation of the case—unless there can be a sufficient amended
return, or unless, of course, there is some other return in the
case not affected by the motion to quash  *  *  * .   This was
an attachment on a judgment, the office of which is like that
of a *fieri facias*—although the procedure is different.  If a
*fieri facias* is quashed, so that property seized under it is re-
leased, there is an appeal.  *Wilmer* v. *Harris,* 5 H. & J. 1;
*Hollingsworth* v. *Floyd,* 2 H. & G. 87.  'The process of attach-
ment on judgment, under the Act of 1715, Chapter 40, sec-
tion 7 (now a part of section 29 of article 9), is considered
as an execution and governed by the same principles.' *Bald-
win* v. *Wright,* 3 Gill, 241; *Griffith* v. *Ins. Co., Garnishee,*
7 Md. 102.   That is one reason why an appeal should lie

when the return to an attachment on a judgment is quashed, if thereby the property attached is released."

It would seem from these decisions that the right of appeal to this Court from rulings of the court below on motions to quash writs of summons, or the returns thereon, depends upon the position in which the parties are left by reason of such rulings. If, as in this case, the parties are not put out of court and the case is still pending in court, wherein the defendant can demur to the *narr.* or traverse its allegations, and the case can thereafter be tried upon its merits, there is no appeal from the rulings on that motion. But if, after trial, the verdict and final judgment should be against him he may appeal therefrom; and the alleged errors of the court below, in its rulings in the trial of the motion, as well as those in the trial upon the merits, will be open for review by this Court. *Tyler* v. *Murray,* 57 Md. 418; *Gambrill* v. *Schooley,* 95 Md. 260.

Therefore, in our opinion, the appeal in this case should be dismissed.

*Appeal dismissed, with costs.*