## THE HILLYARD CONSTRUCTION COMPANY, INC., ET AL. *v.* LYNCH, ET AL.

[No. 168, September Term, 1969.]

*Decided January 7, 1970.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*J. Mayer Willen,* with whom was *Henry P. Walters* on the brief, for appellants.

*Dale R. Cathell,* with whom were *Sanford & Bolte* and *Lee W. Bolte* on the brief, for appellees.

SINGLEY, J., delivered the opinion of the Court.

Charles E. Lynch and his wife, Lois H. Lynch, and Charles E. Lynch, Inc., brought suit in the Circuit Court for Worcester County for damages alleged to have resulted from the breach of two contracts for the construction of town houses in Ocean City. Joined as defendants were The Hillyard Construction Company, Inc.; Elvan H. Clayton and Roland G. Paddy, partners trading as The Hillyard Construction Company; and Elvan H. Clayton and Roland G. Paddy, individually. The principal office of the Hillyard corporation and the place of business of the partnership were in Baltimore County, where Clay-

ton resided also. Only Paddy was alleged to be a resident of Worcester County.

The Hillyard Construction Company, Inc., and Elvan H. Clayton moved to quash the writs of summons and dismiss the declaration on the ground that the principal office of the corporation was located in Baltimore County; that Clayton resided in Baltimore County; and that neither the corporation nor Clayton regularly engaged in business in Worcester County. From an order denying the motion to quash this appeal was taken.

The question presented is a narrow one, involving the interpretation of Maryland Code (1957, 1968 Repl. Vol.) Art. 50, § 5:

> "In any action ex contractu in which all of the defendants are not residents of the same county, the plaintiff at his election may sue all said defendants in the county in which any one of the defendants resides or regularly does business. As used in this section, the term 'county' includes Baltimore City."

The appellants argue that Article 50 is entitled "Joint Obligations and Joint Tenancy"; that § 5 bears the heading "Venue of Suits Against Joint Obligors", and call to our attention a footnote in this Court's opinion in *Benson v. Mays,* 245 Md. 632, 638, 227 A. 2d 220 (1967) which suggests, without passing on the question, that the reach of § 5 may be limited "to joint monetary obligations or to single contracts on which more than one person is liable." This should be read, however, in the light of *Mangione v. Braverman,* 234 Md. 357, 199 A. 2d 225 (1964), where suit was brought in Baltimore City on an oral contract against four defendants, two of whom lived in Harford County, and two of whom lived in Baltimore County, the latter being regularly engaged in business in Baltimore City. This Court dismissed an attack on venue for procedural reasons, but characterized it as being without merit.

Art. 50, § 5 was repealed and re-enacted by Chap. 206 of the Laws of 1953, entitled:

> "AN ACT to repeal and re-enact, with amendments, Section 6 [now Section 5] of Article 50 of the Annotated Code of Maryland (1951 Edition), title 'Joint Obligations and Joint Tenancy', sub-title 'Joint Obligations', making general provision for the place of suit in any action ex contractu in which all of the defendants are not residents of the same County."

Prior to the 1953 repeal and re-enactment, § 6 (now § 5) had read:

> "If the obligors in any bond, penal or single bill reside in different counties they may be sued in the counties in which they respectively reside, but all residing in the same county shall be sued in one action."

It is the title of Chap. 206 which must be tested against the provisions of Maryland Constitution, Art. III, § 29, and not the article and section headings on which the appellants posit their argument, since these are the work of the codifier. See Everstine, *Titles of Legislative Acts,* 9 Md.L.Rev. 197, 236 (1948).

We have discussed the issue presented to make it clear that it is our belief that the General Assembly, in enacting Chap. 206 of the Laws of 1953, intended to permit an action on a contract on which two or more defendants are alleged to be obligated to be brought in the county where any one of the defendants resides or regularly does business.

If, in the course of the proceedings, it develops that Paddy, the only resident of Worcester County, is not jointly liable on the contracts the question of venue can be raised anew. On the state of the record before us, and a declaration alleging that Paddy and his fellow defendants were joint obligors, we think the motion to quash was properly denied.

We propose to dispose of the appeal, however, for a reason not raised by the appellees, as Maryland Rule 835 a 2 permits, *Harkins v. August,* 251 Md. 108, 246 A. 2d 268 (1968). It has long been established that no appeal will lie from an order overruling a motion to quash a writ of summons,[1] *Gambrill v. Parker,* 31 Md. 1, 4 (1869); 2 Poe, *Pleading and Practice* § 827 (5th Ed., 1925) at 803; 72 C.J.S. *Process* § 112 d (1951) at 1166; 2 *Encyclopedia of Pleading and Practice,* Appeals (1895), Note at 85, because it is interlocutory only, and not a final judgment. It is much like the *dismissal* of a motion to quash a writ of attachment, or of replevin or of an order overruling a demurrer, from none of which will an appeal lie. *Mitchell v. Chesnut,* 31 Md. 521, 527 (1869); *Baldwin v. Wright,* 3 Gill 241, 246 (1845); *Welch v. Davis,* 7 Gill 364 (1848); *Reynolds v. Russler,* 128 Md. 606, 98 A. 75 (1916); Code (1957, 1968 Repl. Vol.) Art. 5, § 1.

Our predecessors gave the reason for the rule in *Boteler v. State ex rel. Chew,* 7 G & J 109, 113 (1835):

> "To permit an appeal from any decision of the Court below, which does not finally settle the rights of the party, or conclude the cause, would enable either plaintiff, or defendant to protract the suit to an almost indefinite period."
>
> \* \* \*
>
> "It is time enough for a party to apply to this Court for redress, when it is ascertained that he is to be injured by the judgment of which he complains."

---

1. The rule is to the contrary as regards an order quashing service of summons, *Hunt v. Tague,* 205 Md. 369, 109 A. 2d 80 (1954). Compare, however, the *Central of Georgia Rwy. Co. v. Eichberg,* 107 Md. 363, 68 A. 690 (1908) where an unsuccessful appeal was taken from the denial of a motion to quash. In *State ex rel. Bickel v. The Pennsylvania Steel Co.,* 123 Md. 212, 216, 91 A. 136 (1914) this Court, referring to *Georgia Rwy.,* said:
"\* \* \* [T]he question here raised [whether an appeal would lie] was not presented to, nor decided by, this Court. That case, however, differs from the case before us in that the motion in that case was overruled, and there was nothing, by reason of such ruling, to prevent the further prosecution of the suit."

and again in *Gittings v. State ex rel. Ockerme,* 33 Md. 458 (1871), which dismissed an appeal from an order denying a motion for a *non pros.* made on jurisdictional grounds:

> "It is well settled, by numerous decisions of this court, that no appeal in actions at law can be prosecuted until a decision has been had in the court below, which is so far final as to settle and conclude the rights of the party involved in the action, or to deny to him the means of further prosecuting or defending the suit, as otherwise, by repeated appeals, litigation might be protracted to an almost indefinite period. Hence no appeal lies from rulings upon motions or demurrers or other merely interlocutory judgments or orders pronounced and passed in the progress of the cause, to final judgment. All errors committed by the court below in these rulings or judgments, if properly presented by exception or in some other form, are open for review on appeal from that judgment." 33 Md. at 461.

Since the order dismissing the motion to quash was not a final order, the appeal must be dismissed.

*Appeal dismissed, costs to be paid by appellants.*