PETER T. GLADING *v.* LYNN A.
FURMAN, ETC.

[No. 83, September Term, 1977.]

*Decided March 27, 1978.*

The cause was argued before SMITH, DIGGES, LEVINE, ELDRIDGE, ORTH and COLE, JJ.

*Jeffrey N. Greenblatt,* with whom were *Brodsky & Greenblatt* on the brief, for appellant.

*Glenn M. Cooper,* with whom were *Shefferman, Paley & Rothman, Chartered* on the brief, for appellee.

LEVINE, J., delivered the opinion of the Court.

This appeal involves application of the doctrine of continuing personal jurisdiction to a petition for child support filed against a parent who has become a nonresident of this state subsequent to issuance of a Maryland divorce decree lacking a provision for support. Following dismissal of the petition by the Circuit Court for Montgomery County, for want of personal jurisdiction over appellant, the Court of Special Appeals reversed and remanded in *Furman v. Glading,* 36 Md. App. 574, 374 A. 2d 414 (1977). We then granted certiorari and we now affirm.

The litigation that culminates in this appeal began on June 1, 1972, when appellee filed her bill of complaint against appellant in which she sought a divorce *a mensa et thoro,* alimony, custody of their 14-month old daughter and child support. Personal service in Maryland was then made on appellant who responded not only with an answer, but also with a cross bill for divorce *a vinculo matrimonii* (on the ground of adultery) and child custody. Several months later the parties entered into a stipulation in which they agreed that appellee should have custody of the child, that alimony was waived, and that appellee was to support the child and indemnify appellant for any sums of money that he might

thereafter be required to pay for child support. After presentation of testimony, the circuit court then proceeded to award appellant a divorce *a vinculo* in December 1972 and to grant custody of the child to appellee. The decree was completely silent on the matter of child support.

Some 42 months later, in June 1976, appellee filed a petition for child support, thus triggering the present dispute. Service of the petition was made personally upon appellant in the State of Virginia. He responded with a motion raising preliminary objection asking that the petition be dismissed for lack of jurisdiction over his person. In a supporting affidavit he established, not only that he had been a resident of Virginia continuously since June 1972, but also that during the same period of time he had maintained absolutely no contacts with the State of Maryland. After extensive briefing and oral argument, the circuit court dismissed the petition on the ground that personal jurisdiction had not been obtained, finding that appellant, a nonresident, had not been served within the State of Maryland and that he had not entered his appearance in the case, either personally or through counsel.

In reversing and remanding for further proceedings, the Court of Special Appeals applied the doctrine of continuing jurisdiction and, relying on Maryland Code (1974, 1977 Cum. Supp.), § 3-602 (a) of the Courts and Judicial Proceedings Article (derived from former Article 16, § 66 (a)), held that "the parties, once having been subject to the court's jurisdiction for purposes of determining custody and child support under [§ 3-602 (a)], remained subject to such jurisdiction for the purpose of modifying any decree or order which affected the child." 36 Md. App. at 578.

At the outset, we recognize the cardinal proposition that a claim for child support is an action *in personam,* and therefore one which required that the circuit court obtain personal jurisdiction over appellant in order to render a binding judgment against him.

> "A decree for alimony [or child support] is a decree
> *in personam,* and unless the Court has jurisdiction
> over the person against whom it is passed it is not

binding upon him. Such jurisdiction over a non-resident can only be acquired by service of process upon him within the State, or by his voluntary appearance, in person or by attorney. Constructive service by publication, or personal service of process beyond the limits of the State, is not sufficient, nor does a special appearance for the purpose of objecting to the jurisdiction of the Court confer upon that Court jurisdiction to decree on the merits of the case. . . ." *McSherry v. McSherry,* 113 Md. 395, 400, 77 A. 653 (1910) (citations omitted).

*Accord, Renwick v. Renwick,* 24 Md. App. 277, 285, 330 A. 2d 488 (1975); *see Keen v. Keen,* 191 Md. 31, 36, 60 A. 2d 200 (1948); *Garner v. Garner,* 56 Md. 127, 128-29 (1881); *cf. Hunt v. Tague,* 205 Md. 369, 375, 109 A. 2d 80 (1954); *Ortman v. Coane,* 181 Md. 596, 600-601, 31 A. 2d 320 (1943) (stating rule that court could not impose personal liability on nonresident defendant unless service had been made on him within state, or he had waived such service by general appearance, or had otherwise submitted to jurisdiction of court). In sum, for personal jurisdiction to be acquired over a nonresident defendant in a child support case, he must either be personally served with process within this state or must voluntarily appear in the case, personally or through counsel.[1]

As we have stated, appellant, at the inception of the original proceedings, was personally served with process in this state

---

1. The parties and the courts below have proceeded on the premise that the Maryland "long arm" statute, Maryland Code (1974), § 6-103 of the Courts and Judicial Proceedings Article, does not apply to the present case. We, in any event, find it unnecessary to reach that question. Were the long arm statute applicable, our inquiry would be simply whether the constitutional requirements of procedural due process had been satisfied. To subject a nonresident defendant, not present within the forum, to a judgment *in personam,* the Constitution commands that he "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U. S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945); *see also* Shaffer v. Heitner, 433 U. S. 186, 203, 97 S. Ct. 2569, 53 L.Ed.2d 683 (1977); Hanson v. Denckla, 357 U. S. 235, 251, 78 S. Ct. 1228, 2 L.Ed.2d 1283 (1958); McGee v. International Life Ins. Co., 355 U. S. 220, 222, 78 S. Ct. 199, 2 L.Ed.2d 223 (1957); *and see* Stucky v. Stucky, 186 Neb. 636, 185 N.W.2d 656, 660 (1971), noted in 51 Neb. L. Rev. 159 (1971).

and also entered a voluntary appearance. But by the time the petition for child support was filed, he had become a resident of the State of Virginia where he was personally served. Thus the question posed is whether the circuit court retained continuing jurisdiction over his person from the initial institution of the case in 1972, so as to be capable of rendering an *in personam* decree for child support against him in 1976.

The doctrine of continuing personal jurisdiction, as we apply it here, has been defined by the American Law Institute in these terms:

> "If a state obtains judicial jurisdiction over a party to an action, the jurisdiction continues throughout all subsequent proceedings which *arise out of the original cause of action.* Reasonable notice and reasonable opportunity to be heard must be given the party at each new step in the proceeding." Restatement (Second) of Conflict of Laws § 26 (1971) (emphasis added). *See also* R. Leflar, *American Conflicts Law* § 28 (1968).

The Supreme Court placed its imprimatur on the doctrine in the seminal case of *Michigan Trust Co. v. Ferry,* 228 U. S. 346, 353, 33 S. Ct. 550, 57 L. Ed. 867 (1913), where Mr. Justice Holmes said for the Court "that if a judicial proceeding is begun with jurisdiction over the person of the party concerned it is within the power of a State to bind him by every subsequent order in the cause."

Sound policies of effective judicial administration undoubtedly account for the emergence of the continuing jurisdiction concept. Without such a rule, a court could be prevented from ultimately rendering a valid judgment against either a domiciliary of the state or a nonresident, if either had been personally served with process within the state but then removed himself while proceedings arising out of the original cause of action yet remained to be resolved. Application of the doctrine results in no unfairness to the defendant over whom jurisdiction is retained, since he must receive reasonable notice and be afforded an opportunity to be heard at each new step in the case. Failure to provide such

notice and opportunity would likely result in a denial of due process. *Griffin v. Griffin,* 327 U. S. 220, 228, 66 S. Ct. 556, 90 L. Ed. 635 (1946).

Courts in other states have freely invoked the continuing jurisdiction rule to retain *in personam* jurisdiction over nonresident parents in child support cases, frequently in proceedings brought to modify awards contained in previously rendered divorce decrees.[2] As one court has said:

> "Under the continuing jurisdiction of the court in such an action, the filing of a motion for a modification of the decree for support is not the institution of a new or original proceeding but of one ancillary and incidental to the original action. No new service of summons on a party is necessary to give the court jurisdiction to make further orders as to minor-child support. The party remains subject to the jurisdiction of the court in that regard, without reference to the place of his residence or further steps to acquire jurisdiction of his person." *Van Divort v. Van Divort,* 165 Ohio St. 141, 134 N.E.2d 715, 718 (1956).

*Accord, Atwood v. Atwood,* 253 Minn. 185, 91 N.W.2d 728, 734 (1958). Similarly the rule has been the basis for *in personam* jurisdiction in proceedings to enforce or recover payment of child support awarded in prior divorce decrees,[3] or where the prior divorce decree makes no provision for child support, but reserves that question for future determination. *Darty v. Darty,* 33 Tenn. App. 321, 232 S.W.2d 59, 63 (1949).

Those who advocate liberal application of the continuing jurisdiction doctrine to child support cases note that the

2. *See, e.g.,* Brown v. Brown, 31 Colo. App. 557, 506 P. 2d 386, 388 (1972), *aff'd,* 183 Colo. 356, 516 P. 2d 1129, 1131 (1973); Elkins v. Elkins, 299 F. 690, 693-94 (D.C. Cir. 1924) (applying D.C. law); Watson v. Watson, 88 So. 2d 133, 134 (Fla. 1956); McClellan v. McClellan, 125 Ill. App.2d 477, 261 N.E.2d 216, 218 (1970); Heaton v. Garvin, 314 So. 2d 363, 365 (La. App. 1975); Van Divort v. Van Divort, 165 Ohio St. 141, 134 N.E.2d 715, 718 (1956).

3. *See, e.g.,* Sewell v. Trimble, 172 F. 2d 27, 28 (D.C. Cir. 1948) (applying D.C. law); Application of Martin, 76 Idaho 179, 279 P. 2d 873, 876 (1955); Atwood v. Atwood, 253 Minn. 185, 91 N.W.2d 728, 734 (1958); Sowell v. Sowell, 493 S.W.2d 86, 87-88 (Tenn. 1973); Sheffield v. Sheffield, 207 Va. 288, 148 S.E.2d 771, 774 (1966).

failure of a parent to include a claim for such relief in the divorce complaint or to have such a provision incorporated in the final decree should not be allowed to deprive the innocent child of needed financial support. The fact that the parent could have obtained a support order in the original proceeding does not outweigh the necessity of providing for the child's maintenance. A contrary result would be "opposed to a sound and just regard for the interest of society and the welfare of the children, who, while not parties to the proceeding, are nevertheless, profoundly affected by its result." *Boggs v. Boggs,* 138 Md. 422, 429, 114 A. 474 (1921); *see* H. Clark, *The Law of Domestic Relations in the United States* § 15.1, at 492 (1968).

Resort to the continuing jurisdiction approach in child support cases is not wholly without precedent in Maryland. In *McSherry v. McSherry,* 113 Md. 395, a suit for divorce, alimony and child custody was filed and service made on the defendant, a resident of Maryland, who then entered his appearance through counsel. Pursuant to an agreement between the parties, the court issued a decree which, in addition to granting a divorce and awarding child custody, provided that the defendant was to " 'pay to the plaintiff, as alimony and for the maintenance of the ... children of the [parties] such sum or sums of money as may be hereafter determined by this Court upon the application of any of the parties in interest.' " *Id.* at 398. More than two years later, the plaintiff filed in the same case a petition requesting the court to make a determination of alimony and child support. Because the defendant had by then become a resident of Illinois, service was effected upon his Maryland attorney of record who had appeared for him two years earlier. When the court proceeded to enter a decree for alimony and child support, the defendant's attorneys moved to strike the decree, attacking the court's jurisdiction over him. In affirming a denial of the motion, this Court relied, in effect, on the doctrine of continuing jurisdiction, saying:

> "Jurisdiction having been retained, in accordance with the terms of the agreement, for the purpose of determining the amount to be paid, the defendant

could not deprive the Court of its jurisdiction by leaving the State." 113 Md. at 401.

A like result was attained under analogous circumstances in *Tvardek v. Tvardek,* 257 Md. 88, 261 A. 2d 762 (1970), where the subsequent petition sought modification of a prior child support award contained in a divorce decree.

Appellant does not challenge the applicability of the continuing jurisdiction rule to those cases in which modification or enforcement of a prior award is sought, or to those where the original decree in some manner reserves the issue of child support for future disposition. Rather he argues that the doctrine should not be invoked in those cases, like the present one, where the divorce decree is totally silent on the question of child support. It is thus contended that the petition here did not arise out of the original cause of action within the meaning of the continuing jurisdiction rule, but was instead a separate and distinct action, one which required renewed personal service within this state to endow the circuit court with the necessary *in personam* jurisdiction. We disagree.

In stressing the omission of child support from the divorce decree as the underpinning for his position, appellant fails to appreciate the role played by § 3-602 (a) of the Courts and Judicial Proceedings Article, which, in relevant part, presently provides:

> "(a) *Jurisdiction of Courts of Equity.* — A court of equity has jurisdiction over the custody, guardianship, legitimation, maintenance, visitation and support of a child. In exercising its jurisdiction, the court may:
>
> "(1) Direct who shall have the custody or guardianship of a child;
>
> * * *
>
> "(3) Decide who shall be charged with the support

and maintenance of a child, pendente lite or permanently; [or]

* * *

"(5) From time to time set aside or modify its decree . or order concerning the child."

On its face, § 3-602 (a) does not purport to confer *in personam* jurisdiction; the statute is limited solely to a grant of subject matter jurisdiction. Nevertheless, § 3-602 (a) supports our conclusion that the circuit court implicitly retained jurisdiction over appellant to enter an effective decree for child support; and this despite the failure of the divorce decree to provide for child support, in the form of either an actual award or an express reservation for future determination.

Section 3-602 (a), it has been said, "is declaratory of the inherent power of courts of equity over minors, [which power] should be exercised with the paramount purpose in view of securing the welfare and promoting the best interest of the children." *Barnard v. Godfrey,* 157 Md. 264, 267, 145 A. 614 (1929); *accord, Burns v. Bines,* 189 Md. 157, 162, 55 A. 2d 487, 57 A. 2d 188 (1947); *see Coleman v. Coleman,* 228 Md. 610, 613, 180 A. 2d 875 (1962). Thus we have read the statute as imbuing the circuit court with power to modify a decretal provision for child support, notwithstanding any agreement between the parents to the contrary, *Tvardek v. Tvardek,* 257 Md. at 97; *Price v. Price,* 232 Md. 379, 383, 194 A. 2d 99 (1963); *see* Code (1957, 1973 Repl. Vol., 1977 Cum. Supp.) Art. 16, § 28. It is likewise apparent that § 3-602 (a) also grants subject matter jurisdiction to award child support, as in this case, even where a prior divorce decree between the parties was silent on that matter.

Clearly, under § 3-602 (a), the circuit court was competent to modify the prior divorce decree, by entering a subsequent order for child support, the same as if that earlier decree had explicitly provided for child support in the first instance. The net result of the statute, then, was to incorporate by implication into the 1972 divorce decree a provision reserving power to modify it as effectively as if such a reservation had

been originally inserted by the court. *See Tvardek v. Tvardek,* 257 Md. at 97. As a consequence, appellee's 1976 petition for child support is properly viewed as a modification of the earlier divorce decree rather than the commencement of a new and independent proceeding. Thus, for purposes of the continuing jurisdiction doctrine, the petition here clearly arose out of the original divorce suit.

Application of the continuing jurisdiction rule, as we indicated earlier, imposes a requirement that the nonresident defendant, over whom personal jurisdiction has been initially obtained, be given reasonable notice and opportunity to be heard in each subsequent proceeding if an *in personam* decree is to be rendered against him. In *McSherry* and *Tvardek,* we held that the requirement of notice and opportunity had been met by service of the papers on the defendant's Maryland counsel. *But see* Maryland Rule 125 e. Here, appellant was personally served by a deputy sheriff in the State of Virginia and does not deny receiving actual notice of the support petition. Nor could he contend, consequently, that he was not afforded ample opportunity to be heard.

We hold, therefore, that since the petition for child support arose out of the original divorce suit and since appellant was given reasonable notice and reasonable opportunity to be heard, the circuit court retained continuing *in personam* jurisdiction over him for purposes of rendering a binding support order.

*Judgment affirmed; appellant to pay costs.*